Joseph H. Holmes, Nathaniel Holmes, and Elizabeth Holmes McLeod, Executors, Estate of Sue E. Holmes, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No 42801.   Promulgated March 17, 1931.

*Ewing Laporte, Esq.*, for the petitioners.
*L. S. Pendleton, Esq.*, for the respondent.

OPINION.

SEAWELL: The issue presented is entirely one of fact, namely, what was the fair market value of 770 shares of common stock of the Joseph Horne Company at decedent's death on April 28, 1926? The petitioner asks us ·to find a value of $160 per share, whereas the Commissioner made his determination, and contends that the valuation should be, on the basis of $400 per share. We are convinced that a valuation between the two amounts more nearly represents the true situation.

The valuation fixed by the Commissioner is the approximate book value of this stock, but what we are seeking to determine is fair market value, which is not synonymous with book value. We are not unmindful of the fact that we are concerned with stock of a corporation which was in a strong financial position and whose earning history was most favorable. Further, we do not have active dealing in the stock as a guide to our determination. We do have, however, some sales and· other information as to value which we do not think can be disregarded. In addition to the evidence set out in our findings, one of petitioner's witnesses testified that in his opinion the stock had a fair market value of $200 per share. The officer of the corporation who testified as to the sale of 3,400 shares at $160 per share stated that in his opinion the fair market value was in excess of that amount. While we do not think that the sale of 45 shares at $245 per share in September, 1926, establishes the market value of the stock held by decedent at her death, we are of the opinion, when all of the evidence is considered, that a value in that amount is fair and reasonable.

*Judgment will be entered under Rule 50.*